Hillsborough,
No. 4274.

GEORGE LUPIEN *& a. v.* ADELARD ROUSSEAU *& a.*

Submitted January 6, 1954.
Decided January 29, 1954.

*Bois & Bois* for the plaintiffs.

*Ernest R. D'Amours* for the defendants.

DUNCAN, J. The written agreement of the parties dated July 8, 1950, provided that the defendants would sell the premises in question to the plaintiffs, and convey the same within thirty days by warranty deed, free and clear of all encumbrances, upon payment of $17,850. It could be found upon the evidence that the defendants were unable to make such a conveyance, and that the plaintiffs expended time and money in an attempt to procure an effective discharge of a mortgage the recorded discharge of which was defective. To establish their damages, the plaintiffs introduced evidence that an appraisal of the premises made as of December 4, 1952, showed them to be worth $19,200, and that real estate values in general were then approximately ten per cent less than in August, 1950. The witness testified that he had no "appraisal of what [he thought the particular property] was worth in 1950."

The evidence did not compel a finding that the plaintiffs' damages were $3,483, as the plaintiffs contend. There is no reason to believe that the Court failed to apply the elementary rule of damages. On the contrary, all presumptions are in favor of the verdict. *Chabot* v. *Shiner*, 95 N. H. 252, 255. The plaintiffs were entitled to recover the difference, if any, between the value of the premises at the time fixed for delivery of the deed, and the contract price. *Hurd* v. *Dunsmore*, 63 N. H. 171. The burden of establishing that value was upon them, and it was not established as a matter of law by the evidence of the replacement cost new, less depreciation, two years later. There was no evidence that the value of the property in question declined ten per cent in those years, and the Court was not required to accept the evidence as an accurate measure of market value in August, 1950. See *Davis* v. *State*, 94 N. H. 321.

No exception is transferred which raises the question of the plaintiffs' right to recover for "inconvenience and trouble" in this action, and accordingly the order is

*Judgment on the verdict.*

All concurred.